Johnstone v. Village of Monticello, et al.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION 'SUMMARY ORDER'). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of April, two thousand seventeen.

PRESENT: JOHN M. WALKER, JR.,
         DENNIS JACOBS,
         BARRINGTON D. PARKER,
                        <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

MARK JOHNSTONE,
        <u>Plaintiff-Appellant</u>,

        -v.-                                    16-2225

VILLAGE OF MONTICELLO, GORDON JENKINS,
individually and in his official
capacity as Mayor of Monticello,
        <u>Defendants-Appellees</u>,

THEODORE (TC) HUTCHINS,
        <u>Defendant</u>.

- - - - - - - - - - - - - - - - - - - -X

1

**FOR PLAINTIFF-APPELLANT:** Stephen Bergstein; Bergstein & Ullrich, LLP, Chester, NY.

**FOR APPELLEES–DEFENDANTS:** Ralph L. Puglielle, Jr., Stephen J. Gaba; Drake Loeb PLLC, New Windsor, NY.

Appeal from the judgment of the United States District Court for the Southern District of New York (Smith, M.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Mark Johnstone appeals from the judgment of the district court (Smith, M.J.) dismissing with prejudice his second amended complaint under Rule 12(c) of the Federal Rules of Civil Procedure. Pursuant to 28 U.S.C. § 636(c), the parties consented to conduct all proceedings before a magistrate judge. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Johnstone, who is white, has been an officer for the Village of Monticello Police Department since 1989 and a lieutenant since 2010. On November 16, 2013, he arrested Gordon Jenkins-- "a dark skinned natural person," J.A. 14 at ¶ 2--for driving while intoxicated. Johnstone alleges that Jenkins, while being processed at the Monticello Police Station, called Johnstone (and other white officers) a "racist," a "cracker," a "white mother fucker," a "member of the KKK," and a "Nazi," and called an African American officer a "sellout," an "Uncle Tom," and a "token." Jenkins was, at that time, the mayor of Monticello (he was removed from office on April 2, 2015 by the Appellate Division, Third Department). Johnstone thereafter brought this civil rights action against Jenkins and the Village of Monticello; he argues that Jenkins's racial comments created a hostile work environment cognizable under Title VII of the Civil Rights Act of 1964 and under 42 U.S.C. § 1983 as a violation of the Equal Protection Clause. The district court dismissed those claims and granted judgment on the pleadings to the defendants.

2

We review de novo the district court's dismissal on the pleadings pursuant to Rule 12(c). L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 429 (2d Cir. 2011). We accept the factual allegations in the complaint as true and draw all reasonable inferences in plaintiff's favor. Id.

Title VII prohibits, among other things, discrimination "against any individual with respect to . . . terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C. § 2000e-2(a)(1). "[R]equiring people to work in a discriminatorily hostile or abusive environment" violates Title VII insofar as it effectively alters the "terms" or "conditions" of employment on account of an employee's race. Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993). Public employees, whose employers act under color of state law, can also bring such claims under § 1983 as violations of Equal Protection, and the same standard applies. Feingold v. New York, 366 F.3d 138, 159 (2d Cir. 2004).

"A hostile work environment claim requires a showing [1] that the harassment was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, and [2] that a specific basis exists for imputing the objectionable conduct to the employer." Alfano v. Costello, 294 F.3d 365, 373 (2d Cir. 2002) (citation and quotation marks omitted). Isolated incidents generally "do not meet the threshold of severity or pervasiveness," id. at 374, but a single act will suffice if it is so severe that it "work[s] a transformation of the plaintiff's workplace," id. "To decide whether the threshold has been reached, courts examine the case-specific circumstances in their totality and evaluate the severity, frequency, and degree of the abuse." Id.

Johnstone fails to plead facts sufficient to establish a hostile work environment claim. Since one consideration is the frequency of the alleged abuse, his reliance on a single incident over the course of a nearly 30-year career weighs heavily against him, although that alone is not dispositive. More significant is that an abusive tirade by a person arrested for driving under the influence is not sufficient "to alter the conditions," id. at 373, of Johnstone's employment. The Supreme Court has cautioned that the Title VII analysis

3

requires careful consideration of the social context in which particular behavior occurs and is experienced by its target.  A professional football player's working environment is not severely or pervasively abusive, for example, if the coach smacks him on the buttocks as he heads onto the field--even if the same behavior would reasonably be experienced as abusive by the coach's secretary (male or female) back at the office.

Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 81 (1998).  Jenkins's alleged comments were severe, but they were not made in the context of an employer addressing an employee in the workplace; they were made by an apparently intoxicated citizen who was belligerent because he was being taken into custody and processed for violating the law.  Being subjected to an intoxicated and verbally abusive perpetrator does not alter the conditions of a police officer's employment or create an actionably hostile work environment, even if the person arrested happens to be the mayor.

Accordingly, and finding no merit in Johnstone's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4